CLARKSVILLE (GAUSE v.). See Case No. 5,276.

CLARKSVILLE (NORTHWESTERN UNION PACKET CO. v.). See Case No. 10,342.

CLARK THREAD CO. (WILLIMANTIC LINEN CO. v.). See Case No. 17,763.

CLASEN (PHELPS v.). See Case No. 11,-074.

## Case No. 2,868.

### CLASON et al. v. SMITH.

[3 Wash. C. C. 156.] [1]

Circuit Court, D. Pennsylvania. April Term, 1812.

INSURANCE—REPRESENTATIONS—MATERIALITY.

1. A misrepresentation, which will avoid a policy, must not only be false, but it must be material, either in relation to the rate of premium, or as offering a false inducement to the underwriter to take the risk, when otherwise he would not have done so. If it had no influence, or ought to have had none, it cannot be said to have been material.

[Cited in Coles v. Marine Ins. Co., Case No. 2,988.]

2. The mere expression of an opinion by the assured, or an expectation as to a matter which might even imply that the party had some ground, deemed by himself sufficient, on which to build his opinion, would not amount to a material misrepresentation. It was the folly of the assurer, not to have inquired into the grounds of the opinion.

[Cited in Ruggles v. General Interest Ins. Co., Case No. 12,119.]

Action [by Clason & Dunham] on two policies of insurance; one on the ship Horatio, and the other on the cargo, at and from New-York to Tonningen, at a premium of 20 per cent. She sailed with her cargo on the voyage insured, in February, 1810, and has never been since heard of. There were two questions made in the cause—1. As to the seaworthiness of the vessel. 2. A material misrepresentation.

WASHINGTON, Circuit Justice, in the charge, summed up the evidence, and then left the question of seaworthiness to the jury.

As to the second question.—The misrepresentation asserted to have been made, is contained in a letter from the plaintiffs to their agent in Philadelphia, of the 23d of January, in which they agree to give 15 per cent. premium, and add, "we have no doubt, but that we could get the insurance effected in New-York at that premium." The defendant refused to take the risk for less than 20 per cent., and after some time the insurances were completed at that premium. The evidence proves, that applications were made to the different offices, the whole of whom refused to take the risk at all. In point of fact, then, this statement in the plaintiffs'

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

letter of the 23d of January, was not true; and in this respect, the statement cannot be defended at the bar of conscience. But the question to be decided by the court and jury is, how stands the law in relation to this representation? A misrepresentation, to avoid a policy, must not only be false, but it must be material, either in relation to the rate of premium, or as offering a false inducement to the underwriter to take the risk at all; when otherwise, perhaps, he would not have done it. If, in point of fact, it had no influence, nor ought to have had any in these respects, then it is impossible to say that it was material. Now, it is clear, that in this case, the misrepresentation had no influence in affecting the rate of premium; because the underwriters proceeded upon their own judgment, and demanded 20, instead of 15 per cent., as the rate of premium; nor ought it induce them to take the risk at all, or in any respect to influence the rate of premium. The letter asserts nothing, but merely expresses an opinion, that the insurance could be effected in New-York, at 15 per cent. The very terms used, imply that the opinion was not formed on any thing certainly ascertained as to the fact; because if that had been the case, it would have ceased to be a doubt. The mere expression of an opinion, or an expectation, as to a matter which might even imply that the party had some ground, deemed by himself sufficient, on which to build his opinion, would not amount to a misrepresentation sufficiently material to avoid a policy; because it is the folly of the other party, not to inquire into the grounds of the opinion. But, when the opinion is such as cannot possibly be well founded, and bears on the face of it the full evidence that it is unauthorized, it becomes obviously harmless, so far as the insurer is concerned; and the conclusion becomes irresistible, that he was not misled, or if he was, that he has only himself to blame for it. Such is the present case. The plaintiffs say, they do not doubt that they could have the insurance effected in New-York, at 15 per cent. The insurer cannot possibly believe this to be a candid opinion, because, if it was, why should the plaintiffs come to Philadelphia, and at once offer to give the same premium here, and finally, consent to give 20 per cent.? If, indeed, the plaintiffs, by this uncandid statement, had endeavoured to get the insurance effected for less than fifteen per cent., and had succeeded, the defendant might have been deceived by the misrepresentation, inasmuch as it would have assigned at least a plausible reason for applying to the underwriters in Philadelphia. But even in that case, the statement would not have amounted to more than an opinion. If a man, in order to enhance the value of his property, asserts his belief, that he could get for it, from those who know its value, a certain sum, and offers it for the same price; or even for more; and in truth he knew that he had no just ground for the opinion he had expressed, but the contrary; we do not think that a court of law or equity would, on that account, set aside the contract of sale; for, it was the folly of the purchaser to govern himself by a mere opinion, without examining into the facts on which the opinion was founded. Nothing can be more clear, that in this case the misrepresentation was not material. Verdict for plaintiffs.